UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICK D. HENSON,<br><br>    Plaintiff,<br><br>  v.<br><br>CDCR, et al.,<br><br>    Defendants. | CASE NO. 1:16-cv-00471-LJO--MJS (PC)<br><br>**ORDER DENYING MOTIONS FOR SUBPOENAS**<br><br>**(ECF Nos. 16, 17)**<br><br>**ORDER REGARDING MISCELLANEOUS FILINGS**<br><br>**(ECF Nos. 11, 13, 14, 18)**<br><br>**ORDER DIRECTING CLERK TO TERMINATE ECF No. 18** |

    Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 28 U.S.C. § 1983.

    On March 28, 2016, Plaintiff initiated this action in the Sacramento Division of the United States District Court for the Eastern District of California. On April 5, 2016, the action was transferred to this Court. Plaintiff's complaint is currently pending screening.

    Since the case was transferred, Plaintiff has filed numerous submissions with the Court: two requests for subpoenas (ECF Nos. 16, 17), a civil cover sheet (ECF No. 11),

a state court Case Management Statement (ECF No. 13), unmarked and undescribed documents that appear to be intended as exhibits to the complaint (ECF No. 14), and further documents that, although docketed as a motion, also appear to be jail records in support of the complaint[1] (ECF No. 18).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). Unless and until Plaintiff's complaint has been screened and found to state a cognizable claim, it cannot be served and discovery will not be opened. Plaintiff's complaint is pending screening. His requests for subpoenas are premature and will be denied.

Plaintiff is advised that his other submissions – documents, exhibits, case management statements, and the like – will not be considered by the Court. To the extent Plaintiff intends for these documents to supplement his complaint, Plaintiff is advised that Local Rule 220 requires that a complaint, or any amended complaint, be complete in itself without reference to any prior pleading. Plaintiff is hereby advised that the Court **will not consider these separately filed letters, notices, and documents when screening his complaint.** If Plaintiff believes his complaint is deficient absent consideration of these documents, he must amend his complaint.

Plaintiff further is advised that parties may not file evidence with the Court until the course of litigation brings the evidence into question (for example, on a motion for summary judgment, at trial, or when requested by the Court). Presently, Plaintiff's complaint has not been screened, no motions for summary judgment are before the Court, and no trial date has been set. In this circumstance, **the Court cannot and will**

---

[1] Because these documents, docketed as a motion, do not appear to request any action or relief from the Court, the Clerk's Office will be directed to terminate this motion.

**not serve as a repository for Plaintiff's evidence (e.g., prison or medical records, etc.).** If Plaintiff continues to file such successive and unwarranted submissions, he may be subject to sanctions, to include monetary sanctions, sanctions striking all or part of his claims, or the like. See Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986) (holding that in exercising its power to control its own docket, the Court may impose sanctions).

Based on the foregoing, Plaintiff's motions for subpoenas (ECF Nos. 16, 17) are HEREBY DENIED. Additionally, the Clerk's Office is directed to terminate ECF No. 18.

IT IS SO ORDERED.

Dated:   May 25, 2016                    /s/ *Michael J. Seng*
　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE