UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICK D. HENSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JAMES DILLON, et al.,<br><br>　　　　Defendants. | CASE NO. 1:16-cv-00471-LJO-MJS (PC)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO COMPEL DISCOVERY**<br><br>**(ECF No. 41)**<br><br>**THIRTY (30) DAY DEADLINE** |

　　　　Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. The matter proceeds on Plaintiff's Fourth Amendment claim against Defendant Dhillon.

　　　　On February 13, 2017, Defendant filed a motion to compel Plaintiff to respond to Defendant's Interrogatories, Set One, and Request for Production of Documents, Set One. (ECF No. 41.) Plaintiff filed no response, and the time for doing so has passed. The matter is deemed submitted. Local Rule 230(*l*).

　　　　Defense counsel avers as follows: Defendant propounded discovery on Plaintiff on November 30, 2016. Pursuant to the Court's discovery and scheduling order (ECF No. 33), Plaintiff's responses were due on or before January 16, 2017. When no timely response was received, defense counsel sent Plaintiff a letter, advised him his

responses were delinquent, and requested a response by February 10, 2017. Again, no response was received. Defendant requests that Plaintiff be compelled to provide responses within ten days of this order.

Plaintiff is required to respond to Defendant's interrogatories and requests for production of documents. The responding party is obligated to respond to the interrogatories to the fullest extent possible. See Fed. R. Civ. P. 33(b)(3). Any objections must be stated with specificity. Fed. R. Civ. P. 33(b)(4); see Mancia v. Mayflower Textile Servs. Co., 253 F.R.D. 354, 356 (D. Md. 2008) (boilerplate objections waived any legitimate objections responding party may have had); Chubb Integrated Sys., Ltd. v. Nat'l Bank of Wash., 103 F.R.D. 52, 58 (D.D.C. 1984) (the objecting party must state reasons for any objection, "irrelevant" did not fulfill party's burden to explain its objections); Pulsecard, Inc. v. Discovery Card Servs., Inc., 168 F.R.D. 295, 310 (D. Kan.1996) (objection on grounds of vagueness and ambiguity overruled if terms and phrases used in interrogatories are susceptible to ordinary definitions). A party responding to a request for production of documents must state that inspection will be permitted as requested, or that the party will produce copies instead of permitting inspection. Fed. R. Civ. P. 34(b)(2)(B). Alternatively, the responding party may specify grounds for objecting to the request, including reasons. Id.

Here, Plaintiff has failed to proffer any responses or objections. Defendant's motion to compel will be granted. However, the Court will grant Plaintiff thirty days from the date of this order to provide Defendant with his responses, rather than the ten days requested by Defendant.

Plaintiff is advised that the Federal Rules of Civil Procedure permit sanctions to be imposed where a party fails to respond to discovery. Fed. R. Civ. P. 37(b)(2)(A) and (d)(1)(A)(ii). Such sanctions include (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing

designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination. Fed. R. Civ. P. 37(b)(2)(A) and (d)(3). Additionally, Plaintiff may be required to pay reasonable expenses caused by his failure to respond. Id.

Based on the foregoing, it is HEREBY ORDERED that:

1. Defendant's motion to compel (ECF No. 41) is GRANTED IN PART AND DENIED IN PART as described herein;
2. Within thirty (30) days of the date of this order, Plaintiff must respond to Defendant's Interrogatories, Set One, and Request for Production of Documents, Set One; and
3. Failure to comply with this order may result in sanctions, including terminating sanctions.

IT IS SO ORDERED.

Dated:   March 14, 2017            /s/ *Michael J. Seng*
                                   UNITED STATES MAGISTRATE JUDGE