UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| ERICK D. HENSON, | CASE NO. 1:16-cv-00471-LJO-MJS (PC) |
|---|---|
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS TO:** |
| v. | **(1) GRANT DEFENDANT'S MOTION TO DISMISS (ECF NO. 48); AND** |
| CDCR, et al., | |
| Defendants. | **(2) DISMISS ACTION FOR FAILURE TO OBEY COURT ORDER AND FAILURE TO PROSECUTE** |
| | **FOURTEEN (14) DAY OBJECTION DEADLINE** |

**I.   Procedural History**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 28 U.S.C. § 1983. The matter proceeds on Plaintiff's Fourth Amendment claim against Defendant Dillon.

Before the Court is Defendant's motion to dismiss. (ECF No. 48.) Plaintiff filed no opposition and the time for doing so has passed. The matter is submitted. Local Rule 230(*l*).

**II. Background**

Plaintiff initiated this action on March 28, 2016. (ECF No. 1.) The Court screened his initial complaint and found that it stated a cognizable Fourth Amendment claim against Defendant Dillon but no other cognizable claims. (ECF No. 22.) Plaintiff was ordered to file an amended complaint or notify the Court of his willingness to proceed only on cognizable claims. (Id.) Plaintiff agreed to proceed. (ECF No. 23.) Accordingly, the remaining claims and defendants were dismissed. (ECF No. 24.)

Defendant Dillon filed his answer on November 23, 2016 (ECF No. 29), and a discovery and scheduling order issued on November 29, 2016 (ECF No. 33). On February 13, 2017, Defendant filed a motion to compel discovery, stating that Plaintiff had not responded to discovery requests. (ECF No. 41.) Plaintiff filed no opposition. On March 15, 2017, the Court granted in part the motion to compel, reminded Plaintiff of his obligation to respond to discovery requests, and ordered Plaintiff to provide a response within thirty days. (ECF No. 42.) Plaintiff was warned that the failure to comply could result in sanctions, including terminating sanctions. (Id.)

On April 19, 2017, Defendant filed a motion to dismiss for lack of prosecution and failure to obey a court order. (ECF No. 48.) Defendant states that Plaintiff has not responded to the order on Defendant's motion to compel, provided any discovery responses, or sought an extension of time to do so. Plaintiff did not respond to the motion.

**III. Legal Standard**

Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate, default or dismissal." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute, failure to obey a court order, or failure

to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of a complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation, (2) the Court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

**IV.    Discussion**

Plaintiff has disobeyed a Court order requiring him to respond to Defendant's discovery requests. He has failed to respond to Defendant's two most recent motions. He has filed several motions of his own (ECF Nos. 44, 45, 48), two of which (ECF Nos. 45 and 48) appear to argue matters relevant to Plaintiff's habeas petition in a separate case.

Considering this procedural history, the Court concludes that the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket weigh in favor of dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting this action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein.

3

Finally, as for the availability of lesser sanctions, at this stage in the proceedings there is little available which would constitute a satisfactory lesser sanction while preserving scarce Court resources. Plaintiff has not paid the filing fee for this action and is likely unable to pay, making monetary sanctions of little use.

**V. Conclusion and Recommendation**

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Defendant's motion to dismiss be GRANTED; and
2. The action be dismissed with prejudice for failure to obey a court order and failure to prosecute.

The findings and recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with the findings and recommendation, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." A party may respond to another party's objections by filing a response within fourteen (14) days after being served with a copy of that party's objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: May 16, 2017         /s/ *Michael J. Seng*
                            UNITED STATES MAGISTRATE JUDGE