UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICK D. HENSON,<br><br>    Plaintiff,<br><br>  v.<br><br>JAMES DILLON, et al.,<br><br>    Defendants. | CASE NO. 1:16-cv-00471-LJO-MJS (PC)<br><br>**ORDER GRANTING MOTION FOR STATUS**<br><br>**ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT**<br><br>**(ECF No. 54)** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. The matter, now closed, proceeded on Plaintiff's Fourth Amendment claim against Defendant Dhillon.

Before the Court is Plaintiff's August 28, 2017 motion for status and motion for relief from judgment. (ECF No. 54.) Defendant filed no response and the time for doing so has passed. The matter is submitted. Local Rule 230(*l*).

**I.    Motion for Status**

Plaintiff's motion for status will be granted. Plaintiff is advised that this action was dismissed on June 12, 2017, based on Plaintiff's failure to obey a court order and failure

to prosecute, more specifically Plaintiff's failure to respond to discovery requests and the Court's order on Defendant's motion to compel. (ECF No. 52.) The action is closed.

## II. Motion for Relief from Judgment

### A. Legal Standard

Rule 60(b) allows the Court to relieve a party from a final judgment or order on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . ; (3) fraud . . . , misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied . . . ; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances" exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party bears the burden of demonstrating that relief under Rule 60(b) is appropriate. Cassidy v. Tenorio, 856 F.2d 1412, 1415 (9th Cir. 1988).

To the extent the request is construed as a motion for reconsideration, "[a] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009). "A motion for reconsideration may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised in earlier litigation." Id. Moreover, "recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." U.S. v. Westlands Water Dist., 134 F. Supp. 2d 1111, 1131 (9th Cir. 2001) (quoting Bermingham v. Sony Corp. of Am., Inc., 820 F. Supp. 834, 856-57 (D.N.J. 1992)). Similarly, Local Rule 230(j) requires that a party seeking reconsideration show that "new or different facts or circumstances are

claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion . . . ."

### B. Analysis

Plaintiff does not identify the basis on which he seeks reconsideration. His motion is largely incomprehensible. From what the Court can gather, Plaintiff states that he understands the importance of the Defendant's discovery request, and endeavored to obtain copies of responsive documents without success. However, this does not explain Plaintiff's complete failure to respond to requests and correspondence from Defendants, to respond to orders of the Court, or to seek an extension of time. In this regard, the Court notes that Plaintiff filed numerous non-responsive documents during the relevant time period. (ECF Nos. 43, 44, 45, 47.) Plaintiff does not present a basis for reconsideration.

Plaintiff also brings in his motion a series of allegations unrelated to his complaint in this action. To the extent Plaintiff intends to pursue new allegations, he must do so in a separate action. To the extent he seeks relief in a separate action currently pending, he must file his request in that separate action.

## III. Conclusion and Order

For the foregoing reasons, it is HEREBY ORDERED that:

1. Plaintiff's motion for status is GRANTED;
2. Plaintiff's motion for relief from judgment is DENIED; and
3. The case shall remain closed.

IT IS SO ORDERED.

Dated: **November 2, 2017**  /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE

3